[No. 44755.   En Banc.   March 2, 1978.]

TRUST FUND SERVICES, *Respondent,* v. ARO GLASS COMPANY, *Appellant.*

*Lane, Powell, Moss & Miller,* by *R. Michael Smith,* for appellant.

*Donaldson & Kiel, P.S., Duane Kiel,* and *Robert A. Bohrer,* for respondent.

Hicks, J.—Appellant, Aro Glass Company, appeals from a summary judgment determining its obligations under a collective bargaining agreement. Aro also appeals from the denial of its motion to dismiss for lack of subject matter jurisdiction and its motion to compel discovery. We affirm the trial court in all respects.

Respondent, Trust Fund Services, sued as assignee of joint labor–management trusts to recover unpaid employer contributions. The trusts were third–party beneficiaries of collective bargaining agreements between Aro and Glaziers and Glassworkers' Local 188 (union). Those agreements cover certain of Aro's employees and require Aro to make contributions to the trust funds so that the trustees can provide health care for the employees. Aro contends that it had no obligation to contribute because the agreement had been terminated.

There are two collective bargaining agreements involved, each of which provides a different procedure for termination. The first agreement which was signed in 1968 provides in relevant part as follows:

21. Term of Agreement
    (a) This Agreement shall take effect as of July 1, 1968 and remain in full force through August 31, 1972, and from year to year thereafter, unless written notice is given sixty (60) days prior to the expiration date or the

anniversary thereof of desire to change or terminate the agreement.

The second agreement, negotiated on behalf of Aro by the Southwest Washington Glassdealer's Association, sets forth a different notice requirement:

20. TERM OF AGREEMENT
(a) This Agreement shall take effect as of July 1, 1972 and remain in full force until September 1, 1973, and from year to year thereafter unless either party shall give at least one year's written notice prior to any September 1st thereafter of desire to amend or terminate.

On August 17, 1973, Aro sent a letter to the union which it asserts was sufficient to terminate its obligations under the agreement as of September 1, 1973. It contends that section 20 should be read as requiring notice 1 year prior to September 1, 1974, in order to terminate on September 1, 1973, *i.e.*, that there was no requirement of notice for termination in the first year of the 1972 agreement. Because it believed its obligation under the agreement had ceased, Aro stopped making contributions to the trust funds as of September 1, 1973.

Trust Fund filed an action in Pierce County Superior Court for breach of collective bargaining agreement, asserting that the termination was not effective until September 1, 1974. After trial on the issue of liability only, the trial court found that Aro had not effectively terminated the agreements on September 1, 1973, and entered interlocutory judgment on February 21, 1975.

On November 26, 1975, Aro moved for an order to compel Trust Fund to answer interrogatories relating to the insurance plan it would have purchased if Aro had made its contributions. Aro desired to show that it had purchased the same plan for the employees and that Trust Fund's recovery should be reduced by the amounts the trusts would have expended for that coverage. The trial court denied the motion, holding that Trust Fund's recovery would not be reduced by a showing that Aro had purchased a similar plan.

On December 2, 1975, the trial court orally granted summary judgment for Trust Fund. On December 19, 1975, Aro moved to dismiss for lack of subject matter jurisdiction under CR 12(h)(3) on the ground that Trust Fund was acting as a collection agency as defined in RCW 19.16.100 and that therefore, under RCW 19.16.260, a license was a jurisdictional prerequisite to suit. The court denied the motion, holding that the licensing statute involves an issue of capacity which must be raised in the pleadings under CR 9(a). Final judgment was entered on January 20, 1976.

On appeal, the case was certified to this court by the Court of Appeals, Division Two. The particular issue certified was whether the trial court erred when it declined to dismiss this action on the ground that Trust Fund was a collection agency acting without a license required by RCW 19.16.

Aro's motion to dismiss under CR 12(b)(6) was premised on RCW 19.16.260, which makes the possession of a license a prerequisite to suit by a collection agency. RCW 19.16.100(3)(c) exempts from the requirement of a license:

Any person whose collection activities are carried on in his or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to . . . lawyers . . .

Since we determine that Trust Fund's activities are exempted by the provision, we do not decide whether the possession of a license is necessary for the court's jurisdiction over the subject matter or whether it merely involves a party's capacity to sue.

Trust Fund was created to provide a convenient means for a law firm to collect debts related to the firm's business. The firm represented a number of health and welfare and pension trust funds. In the normal course of business, it was frequently necessary for the funds to bring actions against employers to recover unpaid contributions. Since the funds were not regarded as legal entities, the suits had to be brought in the names of the individual trustees. The

trustees generally included representatives of both labor and management, and the management trustees were not anxious to be parties to actions against fellow members of management associations. The Trust Fund was created as a nonprofit corporation to which the accounts could be assigned, to eliminate the need to bring collection actions in the names of the trustees. Trust Fund has no assets, no separate clients, no employees and no office. It is merely the alter ego of the law firm and its only activities are related directly to that firm's business. Accordingly, we hold that Trust Fund was exempted from the requirement of a collection agency license by RCW 19.16.100(3)(c), and that the trial court correctly denied Aro's motion to dismiss.

We also agree with the trial court that Aro's obligations were not terminated until 1974. Reading the 1968 and 1972 agreements together, it appears that the parties intended to substitute a 1–year notice requirement for the previous 60–day provision. There is ambiguity, however, as to the point in time when that substitution was to take place.

The testimony on liability at the trial suggests either that the 60–day provision was intended to apply until September 1, 1973 (and then the 1–year) or that the 1–year provision took effect on July 1, 1972, with the rest of the agreement. Under either of those two interpretations, Aro's August 17, 1973, notice would have been insufficient. There was no indication that the parties intended an interim period where no notice was required as Aro suggests. An agreement was signed by the parties on February 10, 1972, to cover the period between the other two agreements. Section 5 of that agreement provides:

> It is agreed that *Section 21* shall be amended to run until September 1, 1973 and from year to year thereafter unless either party shall give at least one year's written notice prior to any September 1st thereafter of desire to amend or terminate.

We think it is clear that the agreement effective at the time of the attempted termination required notice 60 days

prior to September 1 for termination. We, therefore, agree with the trial court that the notice of August 17, 1973, was not sufficient to terminate Aro's obligations under the agreements until September 1, 1974.

As to the court's refusal to compel Trust Fund to answer interrogatories, we note that CR 26(b)(1) requires only that the information sought be relevant and that such relevance is demonstrated if the information is reasonably calculated to lead to the discovery of admissible evidence.

■ In this action Trust Fund is attempting to enforce specific written terms which required contribution to the funds. That obligation is independent of Trust Fund's obligation to provide health insurance. *See Trust Fund Servs. v. Trojan Horse, Inc.*, 15 Wn. App. 140, 548 P.2d 344 (1976); *In re Busch's Jewelry Co.*, 19 Lab. Arb. 365 (1952) (Rosenfarb, Arbitrator). An employer is not entitled to offset against its contributions the amount paid to provide a separate insurance program for employees. *In re Martinelli*, 23 Lab. Arb. 191 (N.Y. Sup. Ct. 1954); and *see Local 9, Int'l Union of Operating Eng'rs, AFL–CIO v. Siegrist Constr. Co.*, 458 F.2d 1313 (10th Cir. 1972); 80 L.R.R.M. 2483 (1972). Since Aro's insurance payments could not be offset against the contributions owed, the interrogatories propounded could not lead to the discovery of relevant evidence and the trial court correctly denied Aro's motion to compel their answer.

Affirmed.

WRIGHT, C.J., HAMILTON, STAFFORD, UTTER, BRACHTEN-BACH, HOROWITZ, and DOLLIVER, JJ., and RYAN, J. Pro Tem., concur.